OSCN Found Document:STATE EX REL. OKLAHOMA BAR ASSOCIATION v. KIRK

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 STATE EX REL. OKLAHOMA BAR ASSOCIATION v. KIRK
2014 OK 72
Case Number: SCBD-6121
Decided: 07/15/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 72, __ P.3d __
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA EX REL. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
FRANK B. KIRK, JR., Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association ("OBA") has presented the Court with an application to approve the resignation of Frank B. Kirk, Jr. ("Respondent"), from membership in the OBA. Respondent submits his resignation pending disciplinary proceedings and investigation into alleged misconduct as authorized by Rule 8.1 of the Rules Governing Disciplinary Proceedings ("RGDP").[1] On July 8, 2014, Respondent's affidavit was filed simultaneously with the OBA's application; Respondent requested that he be allowed to resign his membership in the OBA and relinquish his right to practice law. The application and accompanying affidavit reflect the following:

(1) Respondent's affidavit indicates:

(A) it was freely and voluntarily rendered;

(B) it was not secured by subjecting Respondent to duress or coercion;

(C) Respondent was aware of the consequences associated with submission of his resignation; and

(D) Respondent sought and obtained the advice of counsel prior to executing his voluntary resignation affidavit.

(2) Respondent acknowledged that his resignation must be approved by the Oklahoma Supreme Court. Nevertheless, Respondent agreed to conduct himself as if the resignation was immediate, and he has surrendered his membership card to the OBA.

(3) Respondent attested to personal understanding of the present disciplinary proceeding, State ex rel. Oklahoma Bar Association v. Kirk, SCBD #6121, stemming from criminal charges filed in Oklahoma County District Court, State of Oklahoma v. Frank Kirk, Case No. CF-2014-2199. Therein, Respondent has been charged with the following counts:

(Count 1) Preventing Witness from Giving Testimony, a felony in violation of 21 O.S.Supp. 2013 § 455;

(Counts 2-6) Offering to Engage in an Act of Lewdness, misdemeanors in violation of 21 O.S.Supp. 2013 § 1029(A).

(4) Respondent has waived any and all right to contest the OBA allegations created by the pending grievance investigations.

(5) Respondent states that he has familiarized himself with RGDP Rule 9.1, and agreed to comply with the requirements therein within twenty (20) days following approval of his tendered resignation.[2]

(6) Respondent recognizes that he may only be reinstated to the practice of law after full compliance with the terms and procedures outlined by RGDP Rule 11. Respondent has also acknowledged that no application for reinstatement may be presented prior to five years from the effective date of this order approving his resignation.

(7) Respondent's official roster address as shown from the affidavit and OBA records is Frank B. Kirk, Jr., OBA # 5045, 2800 N. Classen, Oklahoma City, Oklahoma, 73106.

(8) As a result of his conduct, the Client Security Fund may receive claims from Respondent's former clients. Respondent has agreed to reimburse the OBA for any such claims, prior to filing an application for reinstatement, including the principal amounts and applicable statutory interest expended by the Client Security Fund.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the voluntary resignation of Frank B. Kirk, Jr., pending disciplinary proceedings, shall be approved and shall be effective upon the filing of this order in the Office of the Clerk of the Oklahoma Supreme Court.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of Frank B. Kirk, Jr. shall be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five years from the date of this order.

¶4 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent shall comply with RGDP Rule 9.1 by notifying each of his clients having pending legal business of the need to promptly retain new legal counsel; filing a formal withdrawal from all cases pending before any tribunal; submitting the required affidavits attesting to compliance with Rule 9.1, together with a list of all clients notified; and presenting this Court with a list of any court or administrative body where the attorney was admitted to practice.

¶5 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the application of the OBA to assess costs of these proceedings in the amount of $621.29 is granted. Respondent Frank B. Kirk is directed to pay these costs within thirty days of the date this order becomes final.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this15th day of July, 2014.

/S/CHIEF JUSTICE

¶8 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, GURICH, JJ., concur.

¶9 TAYLOR, J., not voting.

FOOTNOTES

[1] 5 O.S.2011, ch. 1, app. 1-A.

[2] RGDP Rule 9.1 provides, "[w]hen the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement. (emphasis added).






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Title 21. Crimes and Punishments Cite
Name
Level 21 O.S. 455, Preventing Witness from Giving Testimony
Cited 21 O.S. 1029, Engaging in or Soliciting Prostitution - Residing or Remaining in Place for Prohibited Purpose - Aiding, Abetting, or Participating in Prohibited Acts - Child Prostitution - Human Trafficking
Cited